# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For **Revocation of Supervised Release**) |
| v. | Case Number:  11-cr-00165-REB-01 |
| | USM Number:  18717-013 |
| CHARLES ROUSH | Philip A. Cherner, Appointed |
| | (Defendant's Attorney) |

**THE DEFENDANT:**  Admitted guilt to violations 1, 2, 3, and 4, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Reside In/Comply With the Rules of the Residential Reentry Center (RRC) | 07/26/13 |
| 2 | Failure to Participate in Sex Offender Treatment as Directed by the Probation Officer | 08/06/13 |

The defendant is sentenced as provided in pages 3 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

January 15, 2014
Date of Imposition of Judgment

**s/ Robert E. Blackburn**
Signature of Judge

Robert E. Blackburn, U.S. District Judge
Name & Title of Judge

**January 16, 2014**
Date

DEFENDANT:  CHARLES ROUSH
CASE NUMBER:  11-cr-00165-REB-01                                         Judgment-Page 2 of 6

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Possession and Use of an Unauthorized Internet Access Device | 07/30/13 |
| 4 | Access, Possess or View any Pornographic, Sexually Oriented or Sexually Stimulating Materials | 07/30/13 |

DEFENDANT:  CHARLES ROUSH
CASE NUMBER:  11-cr-00165-REB-01                                                                                  Judgment-Page 3 of 6

## IMPRISONMENT

　　　The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of eight (8) months.

　　　The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

　　　Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　　　　By_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy United States Marshal

DEFENDANT: CHARLES ROUSH
CASE NUMBER: 11-cr-00165-REB-01                                      Judgment-Page 4 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of twenty-eight (28) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT:  CHARLES ROUSH
CASE NUMBER:  11-cr-00165-REB-01                                                              Judgment-Page 5 of 6

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

2) The defendant's use of computers and all Internet access capable devices, including Internet access capable mobile telephones and electronic reading devices, shall be limited to those the defendant requests advance approval from the probation officer to possess and/or use, and which the probation officer authorizes. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with our without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

3) The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer and other Internet access devices the defendant is authorized to possess and/or use by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

4) The defendant shall not create, access, possess or view any pornographic, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, hand-written stories and/or other narratives, hand-drawn images, electronic media, computer programs or services. The defendant shall not patronage any place where such material or entertainment is available and shall not use any sexually inappropriate telephone numbers.

DEFENDANT:  CHARLES ROUSH
CASE NUMBER:  11-cr-00165-REB-01                                                                Judgment-Page 6 of 6

5) All the defendant's movements in the community and all employment and extracurricular activities, including hobbies, shall be pre-approved by the supervising probation officer.

6) The defendant shall reside in an approved residential reentry center (RRC) for a period of up to 180 days, to commence upon his release from the custody of the Bureau of Prisons, at the direction of the Probation Office, and the defendant shall observe the rules of that facility. During the defendant's Residential Reentry Center (RRC) stay, he shall comply with the rules of the United States Probation Office's Location Monitoring Program (LMP) which includes passive Global Positioning System (GPS) tracking. The defendant shall wear all necessary GPS tracking devices and comply with all other LMP rules/procedures specified by the probation officer. The Probation Office reserves the right to request reimbursement from the defendant for the full cost of any electronic monitoring equipment that is lost or intentionally damaged.  The defendant shall pay the full costs of this program.

7) The defendant shall submit his or her person, property, house, residence, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.  Failure to submit to search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

8) The defendant shall not open any financial accounts with any financial institutions, incur new credit charges or debts, nor open additional lines of credit without the approval of the probation officer.  As directed by the probation officer, the defendant shall provide the probation officer with full financial disclosure including financial records and pertinent releases of information.